Genevieve Park Taylor
**SOUND LEGAL LLC**
986 Essex Road, Unit 3
Westbrook, CT 06498
860-245-1555
genevieve@soundlegalct.com
*Attorney for Plaintiffs*
CT20824

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Civil Action No.: _____

| | |
|---|---|
| ABDUL AL QADOMI, BROTHERS P.C. LLC d/b/a Puff City Milford, TOM & ALI LLC d/b/a Puff City Wallingford, TIREBOLU, LLC d/b/a Puff City East Haven, TOBACCO TOWN LLC d/b/a Puff City Guilford, TOBACCO TOWN LLC d/b/a Puff City Bridgeport, TORUN LLC d/b/a Puff City Southington, OLSON LLC d/b/a Puff City Shelton, ASAF LLC d/b/a Puff City North Haven, KUZULU LLC d/b/a Puff City Hamden, ICI LLC d/b/a Puff City West Haven, and INFINITY SMOKE SHOP, LLC<br><br>         Plaintiffs,<br>   v.<br><br>NED LAMONT, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF THE STATE OF CONNECTICUT; WILLIAM TONG, OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF CONNECTICUT, PATRICK J. GRIFFIN, IN HIS OFFICIAL CAPACITY AS CHIEF STATE'S ATTORNEY FOR THE STATE OF CONNECTICUT AND | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

| BRYAN CAFFERELLI, IN HIS CAPACITY AS COMMISSIONER OF THE DEPARTMENT OF CONSUMER PROTECTION FOR THE STATE OF CONNECTICUT, | |
|---|---|
| Defendants. | |

Plaintiffs bring the instant action against Ned Lamont, in his official capacity as Governor of the State of Connecticut; William Tong, in his official capacity as the Attorney General of the State of Connecticut, Patrick J. Griffin, in his official capacity as Chief State's Attorney and Bryan Cafferelli, in his capacity as Commissioner of the Department of Consumer Protection, seeking to enjoin Defendants from enforcing Connecticut Public Acts 24-76, 24-115 and 24-95, and Conn. Gen. Stat. § 21a-277(b)(1), because they (1) violate express provisions of The Agriculture Improvement Act of 2018, Pub. L. 115-334 regarding the definition of hemp and the transportation of hemp and hemp containing products (2) they violate the Fifth and Fourteenth Amendments of the United States constitution because they are unconstitutionally vague; and (3) they run afoul of the requirements of the dormant Commerce Clause.

## **INTRODUCTION**

1.      Plaintiffs, sellers of hemp and hemp related products, bring the instant action challenging the validity and enforceability of the various Connecticut public acts

enacted in 2024 related to the hemp and cannabis industry in Connecticut. Public Act 24-76 ("PA 24-76"),  Public Act  24-95 ("PA 24-95) and Public Act  24-115 ("PA 24-115") (collectively, the 2024 Public Acts) were all passed on May 8, 2024, but signed by Governor Ned Lamont on different dates  (PA 24-76 signed May 11, 2024, PA 24-95 signed May 11, 2024, and Public Act 24-115 signed June 4, 2024).  Each Public Act impermissibly burdens the Plaintiffs' rights under federal law, violates the express language of the 2018 Federal Farm Bill and ignores federal rules regulating interstate commerce. Additionally, the 2024 Public Acts have created a legal quagmire of conflicting rules and definitions that renders them impossibly, impermissibly and unconstitutionally vague and ultimately unenforceable.

2.     The 2024 Public Acts each purport to amend the Responsible and Equitable Regulation of Adult-Use Cannabis Act ("RERACA"), Public Act 21-1, Conn. Gen. Stat. § 21a-420 et seq.,  enacted by the State of Connecticut in 2021.

3.     **Public Act 24-76** (*signed May 11, 2024, but effective July 1, 2024*) redefined THC as set forth in RERACA, creating (briefly) new classes of so-called high-THC hemp and moderate-THC hemp products.   (**See Exhibit 1**)

4.     **Public Act 24-95** repealed and replaced several sections of **PA 24-76** (*enacted the same day as **PA 24-95**, signed and effective on May 11, 2024*), with Section 2 repealing and replacing Section 29 of **PA 24-76** (effective upon passage), with Section 3 repealing and replacing Section 30 of **PA 24-76** (effective upon

passage) and with Section 4 repealing and replacing Section 31 of **PA 24-76** (becoming effective as of January 1, 2025). (**See Exhibit 2**)

5.     **Public Act 24-115** made additional revisions to RERACA that actually conflict and are irreconcilable with certain sections of **PA 24-76** (*enacted the very same day*) and Conn. Gen. Stat. § 22-61l.  **PA 24-115** changed essential definitions made law through **PA 24-76**, and also eliminated the pre/post October 1, 2024 high-THC or moderate-THC hemp definition distinctions from **PA 24-76**, redefining high-THC hemp products to include **any** hemp edible, hemp topical or hemp transdermal patch that exceeds one milligram on a per-serving basis, or five milligrams on a per-container basis, and any hemp tincture, including oil intended for ingestion exceeding one milligram on a per-serving basis.  (**See Exhibit 3**)

6.     **PA 24-115** also classifies hemp concentrate or extract products as "high-THC" when **any** tetrahydrocannabinol level exceeds twenty-five milligrams on a per-container basis, as well as manufactured hemp products exceeding one milligram of **any** tetrahydrocannabinol on a per-serving basis, five milligrams on a per-container basis, or three-tenths percent on a dry-weight basis for hemp flowers or trim, regardless of the type of tetrahydrocannabinol.

7.     **PA 24-115** has impermissibly altered the federal definition of hemp.

8.     Each of the 2024 Public Acts are unconstitutionally vague and violate the Fifth and Fourteenth Amendments because they not only conflict with each other, but also with other existing state statutes and federal law.

9.     The 2024 Public Acts burden interstate commerce and violate the dormant Commerce Clause.

10.     Conn. Gen. Stat. § 21a-277(b)(1) is unconstitutionally vague and violates the Fifth and Fourteenth Amendments.

11.     Plaintiffs seek declaratory and injunctive relief from enforcement of the 2024 Public Acts and Conn. Gen. Stat. § 21a-277(b)(1).

## **PARTIES**

12.     Plaintiff ABDUL AL QADOMI is an individual with a business address of 2074 Park Street, Unit 101, Hartford, CT 06106 and is engaged in, among other things, the sale of hemp and hemp-related products manufactured by both in-state and out-of-state hemp product producers.

13.     Plaintiff BROTHERS P.C. LLC d/b/a Puff City Milford has a business address of 874 Boston Post Rd. Unit 9, Milford, Ct, 06460 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

14.     Plaintiff TOM & ALI LLC d/b/a Puff City Wallingford has a business

address of 722 North Colony Road Suite A, Wallingford, Ct, 06492 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

15.    Plaintiff TIREBOLU, LLC d/b/a Puff City East Haven has a business address of 228 Main Street, East Haven, Ct and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

16.    Plaintiff TOBACCO TOWN LLC d/b/a Puff City Guilford has a business address of 770 Pascack Rd, Paramus, Nj, 07652 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

17.    Plaintiff TOBACCO TOWN LLC d/b/a Puff City Bridgeport has a business address of 770 Pascack Rd, Paramus, Nj, 07652 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

18.    Plaintiff TORUN LLC d/b/a Puff City Southington has a business address of 244 Queen St, Southington, CT, 06489-1938 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

19.    Plaintiff OLSON LLC d/b/a Puff City Shelton has a business address

of 405 River Road, Suite 2, Shelton, CT, 06484 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

20.    Plaintiff ASAF LLC d/b/a Puff City North Haven has a business address of 310 Washington Ave, North Haven, CT, 06473-1315 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

21.    Plaintiff KUZULU LLC d/b/a Puff City Hamden has a business address of 2460 Dixwell Avenue Unit, 1G, Hamden, Ct, 06514 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

22.    Plaintiff ICI LLC d/b/a Puff City West Haven has a business address of 293 Elm Street, West Haven, CT, 06516 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

23.    Plaintiff INFINITY SMOKE SHOP LLC has a business address of 506 Windsor Ave, Windsor, CT, 06095-4046 and is engaged in, among other things, the sale of hemp and hemp related products manufactured by both in-state and out-of-state hemp product producers.

24.    Defendant NED LAMONT is the Governor of the State of

Connecticut, with business address of 210 Capitol Avenue Hartford, CT 06106.

25.     Defendant WILLIAM TONG is the Attorney General of the State of Connecticut, with a business address of 165 Capital Avenue, Hartford, CT 06106.

26.     Defendant PATRICK J. GRIFFIN  is the Chief State's Attorney for the State of Connecticut, with a business address of 300 Corporate Place, Rocky Hill, CT 06067.

27.     Defendant  BRYAN  CAFFERELLI  is the Commissioner of the Department of Consumer Protection for the State of Connecticut, with a business address of 450 Columbus Blvd., Suite 901, Hartford CT 06103.

<u>JURISDICTION AND VENUE</u>

28.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343 in  that this action arises under federal law.

29.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

30.     Injunctive and declaratory relief is authorized by 28 U.S.C. § 2201.

<u>STATEMENT OF APPLICABLE FACTS COMMON TO ALL COUNTS</u>

**A.**     **<u>Hemp in Brief</u>**

31.     The *Cannabis sativa L.* plant produces both hemp and marijuana.

32.     Under The Agriculture Improvement Act of 2018, Pub. L. 115-334 (the "2018 Farm Bill"), hemp is defined as "the plant *Cannabis sativa L.* and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, **with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis**." (emphasis added) 7 U.S.C. § 1639o.

33.     According to the Food and Drug Administration (the "FDA"), "[c]annabis is a plant of the Cannabaceae family and contains more than 80 biologically active chemical compounds," including tetrahydrocannabinol ("THC"). (Scientific Data and Information About Products Containing Cannabis or Cannabis-Derived Compounds; Public Hearing; Request for Comments, 84 Fed. Reg. 12969, 12970 (Apr. 3, 2019). (**See Exhibit 4**)

34.     THC itself has several cannabinoid isomers including delta-8 ("Delta-8 THC"), delta-9 ("Delta-9 THC"), and delta-10 ("Delta-10 THC"), all of which occur naturally in the hemp plant.

35.     Delta-9 THC is the most commonly known cannabinoid and is the principal psychoactive agent in cannabis and distinguishes marijuana[1] from hemp.

---

[1] "The Agriculture Improvement Act of 2018, Pub. L. No. 115-334, 132 Stat. 4490, removed "hemp" from the definition of marijuana. 21 U.S.C. § 802(16)(B). As defined by the Act, hemp means "any part" and "all derivatives" of the cannabis plant "**with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.**" 7 U.S.C. § 1639o(1). **The upshot is that federal law now distinguishes between illegal**

36.     Delta-8 THC and Delta-10 THC contribute to the total THC contained in hemp and are not psychoactive in the same manner as Delta-9 THC.

## B.    **Applicable Federal Law**

### 1. The 2018 Farm Bill

37.    The 2018 Farm Bill removed Hemp from the Controlled Substances Act. 7 U.S.C. § 1639o(1) & 21 U.S.C. § 802(16)(B)(i).

38.    In the 2018 Farm Bill, classification as Hemp depends only on the concentration of Delta-9 THC and not the concentration of the accompanying Delta-8 and Delta-10 THC.

39.    The 2018 Farm Bill governs how states like Connecticut may regulate hemp and includes both anti-preemption and preemption provisions.

40.    On the one hand, the anti-preemption provision provides that "[n]othing in this subsection preempts or limits any law of a State or Indian tribe that . . . (i) regulates the ***production of hemp*** (emphasis added) 7 U.S.C. § 1639p(a)(3)(A).

41.    On the other hand, the 2018 Farm Bill expressly prohibits states from interfering with the transportation or shipment of hemp and hemp products[2]:

---

**marijuana and legal hemp based on delta-9 THC concentration**. See AK Futures LLC v. Boyd St. Distro, LLC, 35 F.4th 682, 690 (9th Cir. 2022); Hemp Indus. Ass'n v. Drug Enf't Admin., 36 F.4th 278, 282 & n.3 (D.C. Cir. 2022)." (emphasis added) *United States v Brown*, 47 F.4th 147, 150 [3d Cir 2022]

[2] See *Loki Brands, LLC v Platkin*, 2024 US Dist LEXIS 185237, at *7 [DNJ Oct. 10, 2024, Civil Action No. 24-9389 (ZNQ) (TJB)].

SEC. 10114. INTERSTATE COMMERCE.

(a) Rule of Construction. Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp (as defined in section 297A of the Agricultural Marketing Act of 1946 (as added by section 10113)) or hemp products.

(b) Transportation of Hemp and Hemp Products. No State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with subtitle G of the Agricultural Marketing Act of 1946 (as added by section 10113) through the State or the territory of the Indian Tribe, as applicable.

42.    The 2018 Farm Bill also prevents the states from circumventing its provisions through laws that attempt to change the definition of federal definition of hemp. The Conference Report to the 2018 Farm Bill, H. Rept. 115-1072 - AGRICULTURE IMPROVEMENT ACT OF 2018, makes clear that in regulating hemp and hemp related products, states like Connecticut may not alter the *definition* of hemp set out in the 2018 Farm Bill:

> In Sec. 297B, the Managers intend to authorize states and tribal governments to submit a state plan to the Secretary for approval to have primary regulatory authority over the growing and production of hemp. The Managers do not intend to limit what states and tribal governments include in their state or tribal plan, as long as it is consistent with this subtitle. **For example, states and tribal governments are authorized to put more restrictive parameters on the production of hemp, but are not authorized to alter the definition of hemp** or put in place policies that are less restrictive than this title.    (emphasis    added)    (p.    737; https://www.govinfo.gov/app/details/CRPT-115hrpt1072/context).

2.   The Dormant Commerce Clause

43.    The Dormant Commerce Clause "prohibits the states from imposing restrictions that benefit in-state economic interests at out-of-state interests' expense, thus reinforcing the principle of the unitary national market.'" *Am. Trucking Ass'ns v. Whitman*, 437 F.3d 313, 318 (3d Cir. 2006) (quoting *Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg*. Bd., 298 F.3d 201, 210 (3d Cir. 2002)) (Cloverland I). The Dormant Commerce Clause prohibits a state from impeding free market forces to shield in-state businesses from out-of-state competition." *Loki Brands, LLC v Platkin*, 2024 US Dist LEXIS 185237, at *27-28 [DNJ Oct. 10, 2024, Civil Action No. 24-9389 (ZNQ) (TJB)].

44.    The Dormant Commerce Clause also precludes attempts like the State of Connecticut to give local consumers an advantage over consumers in other States. See *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 580, 106 S. Ct. 2080, 90 L. Ed. 2d 552 (1986).

3.   The Fifth and Fourteenth Amendments

45.    The Fifth Amendment and the Fourteenth Amendment "guarantee every citizen the right to due process, which includes the "concept that vague statutes are void. *United States v. Birbragher*, 603 F.3d 478, 484 (8th Cir. 2010)." Climbing Kites LLC v Iowa, 2024 US Dist LEXIS 133853, at *6 [SD Iowa July 25, 2024, No. 4:24-cv-00202-SMR-SBJ]).

46.    "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008).

47.    When, as here, state statutes contain a jumbled mess of conflicting provisions and definitions, they are unconstitutionally vague and are unenforceable.

## C.    Applicable Connecticut Law

48.    Conn. Gen. Stat. § 22-61n governs the manufacture, marketing, cultivation and storage of hemp and hemp products in the state of Connecticut.

49.    Conn. Gen. Stat. § 22-61l adopts the 2018 Farm Act definitions of, among other things, hemp and marijuana:

> (a) For the purpose of this section and section 22-61m, the following terms have the same meaning as provided in 7 CFR 990.1, as amended from time to time: "Acceptable hemp THC level", "Agricultural marketing service", "Audit", "Cannabis", "Conviction", "Corrective action plan", "Culpable mental state greater than negligence", "Decarboxylated", "Decarboxylation", "Disposal", "Dry weight basis", "Gas chromatography", "Geospatial location", "Handle", "Liquid chromatography", "Immature plants", "Information sharing system", "Measurement of uncertainty", "Negligence", "Phytocannabinoid", "Postdecarboxylation", "Remediation", "Reverse distributor" and "Total THC";
>
> …
> (a)(7) "Hemp" has the same meaning as provided in the federal act[the 2018 Farm Bill] ;

(a)(8) "Hemp products" means all manufacturer hemp products and producer hemp products.

50.    No license is required to sell hemp in Connecticut.

51.    In 2021, Connecticut enacted the RERACA, Public Act 21-1, Conn. Gen. Stat. § 21a-420 *et seq.*, which created a regulated cannabis market for the sale of adult-use cannabis (hemp was governed under Connecticut's agricultural laws under Conn. Gen. Stat. § 22-61l).

52.    As a result of the 2024 Public Acts and their amendments to the RERACA, the RERACA now appears to regulate both hemp and marijuana, with the present definition of hemp, cannabis and marijuana under RERACA unclear.

53.    Before the 2024 Public Acts, "cannabis" meant "marijuana, as defined in section 21a-240." Conn. Gen. Stat. § 21a-420(3).

54.    With the passage of PA 24-115, it appears that "marijuana" might be defined as follows to not only include cannabis, but hemp as well:

(29)  "Marijuana" means all parts of any plant, or species of the genus cannabis or any infra specific taxon thereof, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; every compound, manufacture, salt, derivative, mixture ,or preparation of such plant, or its seeds or resin;, any **high-THC hemp**[3] product;

---

[3] According to the website of the Connecticut Department of Consumer Protection, they believe high-THC hemp are as follows:

A high-THC hemp product is a product that contains **a total THC** of more than:
- For a hemp edible, hemp topical or hemp transdermal patch:
  - One milligram per serving; or,
  - Five milligrams per container

manufactured cannabinoids;, synthetic cannabinoids, except as provided in subparagraph (E) of this subdivision; or cannabinon, cannabinol or cannabidiol and chemical compounds which are similar to cannabinon, cannabinol or cannabidiol in chemical structure or which are similar thereto in physiological effect, which are controlled substances under this chapter, **except cannabidiol derived from hemp**, **as defined in section 22-61l**, **that is not a high-THC hemp product**. "Marijuana" does not include: (A) The mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, except the resin extracted from such mature stalks or fiber, oil or cake; (B) the sterilized seed of such plant; which is incapable of germination; (C) **hemp, as defined in section 22-61l, (i) with a total THC concentration of not more than three-tenths per cent on a dry-weight basis,** and (ii) that is not a high-THC hemp product; or (D) any substance approved by the federal Food and Drug Administration or successor agency as a drug and reclassified in any schedule of controlled substances or unscheduled by the federal Drug Enforcement Administration or successor agency which is included in the same schedule designated by the federal Drug Enforcement Administration or successor agency**.;** or (E) synthetic cannabinoids which are controlled substances that are designated by the Commissioner of Consumer Protection, by whatever official, common, usual, chemical or trade name designation, as controlled substances and are classified in the appropriate schedule in accordance with subsections (i) and (j) of section 21a-243. (emphasis added)  2024 Ct. ALS 115 ; 2024 Ct. P.A. 115 ; 2024 Ct. HB 5235

---

- For a hemp tincture, including, but not limited to, oil intended for ingestion by swallowing, buccal (in the mouth or cheek) administration or sublingual (under the tongue) absorption:
  - One milligram per serving; or,
  - Twenty-five milligrams per container
- For a hemp concentrate or extract, including, but not limited to, a vape oil, wax or shatter:
  - Twenty-five milligrams per container
- For manufacturer hemp product not described above:
  - One milligram per serving;
  - Twenty-five milligrams per container ; or
  - Three-tenths per cent on a dry-weight basis for cannabis flower or cannabis trim

https://portal.ct.gov/cannabis/knowledge-base/articles/what-is-considered-a-high-thc-hemp-product?language=en_US, accessed November 20, 2024.

40.  Marijuana now appears to be defined by the amount of the total of Delta-8, Delta-9 and Delta-10, rather than just the amount of Delta-9 as set forth under the 2018 Farm Bill.

41.    Prior to the enactment of PA 24-115, THC was defined in the RERACA to mean ONLY delta-9-tetrahydrocannabinol.

42.    With the enactment of PA24-115,  THC is now defined as:

> **(59)** "**THC**" means tetrahydrocannabinol, including, but not limited to, **delta-7, delta-8-tetrahydrocannabinol, delta-9-tetrahydrocannabinol and delta-10-tetrahydrocannabinol**, and any material, compound, mixture or preparation which contain their salts, isomers and salts of isomers, whenever the existence of such salts, isomers and salts of isomers is possible within the specific chemical designation, regardless of the source, except: (A) Dronabinol substituted in sesame oil and encapsulated in a soft gelatin capsule in a federal Food and Drug Administration or successor agency approved product; or (B) any tetrahydrocannabinol product that has been approved by the federal Food and Drug Administration or successor agency to have a medical use and reclassified in any schedule of controlled substances or unscheduled by the federal Drug Enforcement Administration or successor agency. (emphasis added)

.

43.    THC in Connecticut now includes all tetrahydrocannabinols, and *marijuana* now includes all products that have a TOTAL THC (including Delta-7, Delta-8, Delta-9 and//or Delta-10) greater than 0.3 percent on a dry weight basis.  As such, a hemp product with a total **Delta-10** tetrahydrocannabinol amount of more than 0.3 percent on a dry weight basis is now considered marijuana in Connecticut.

44.     Conn. Gen. Stat. §21a-277(Formerly Sec. 19-480) "Penalty for illegal manufacture, distribution, sale, prescription, dispensing," has been used by the State of Connecticut and various municipal police departments to seek civil and criminal penalties against persons like the Plaintiffs who are legally selling hemp as defined under Conn. Gen. Stat. §22-61l.

45.     Conn. Gen. Stat. §21a-277 has a fatal flaw. Rather than impose criminal liability for selling cannabis (marijuana) without a license, it appears to *permit* such activity:

> (b)(1) **No person may** manufacture, distribute, sell, prescribe, dispense, compound, transport with the intent to sell or dispense, possess with the intent to sell or dispense, offer, give or administer to another person, except as authorized in this chapter or chapter 420f, **any controlled substance other than** (A) a narcotic substance, or (B) a hallucinogenic substance, or (C) **cannabis.** Conn. Gen. Stat. § 21a-277(b)(1). (**See Exhibit 5**)

46.     The language problem with Conn. Gen. Stat. § 21a-277(b)(1) is most likely a typographical error, but it renders the statute unenforceable.

## COUNT ONE
## VIOLATION OF THE 2018 FARM BILL BY
## ALTERING THE DEFINITION OF HEMP

47.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

48.     The 2018 Farm Bill legalized hemp and all products derived from

hemp so long as such products do not contain a Delta-9 THC concentration that exceeds 0.3 percent on a dry weight basis.

49.    The Farm Bill allows hemp to contain any amount of Delta-8 and Delta-10.

50.    The State of Connecticut has adopted the 2018 Farm Bill definition of hemp in Conn. Gen. Stat. § 22-61l.

51.    Through PA 24-115, Connecticut impermissibly has altered definition of hemp in contravention of 2018 Farm Bill.

52.    Connecticut has wrongfully altered the 2018 Fam Bill definition of hemp from meaning "any part" and "all derivatives" of the cannabis plant **with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis** to meaning "any part" and "all derivatives" of the cannabis plant **with a total tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.**

53.    Connecticut's improper alteration of the 2018 Farm Bill definition of hemp has harmed the Plaintiffs, sometime resulting in civil and criminal penalties, as well as loss of property and revenue.

54.    Plaintiffs are entitled to a declaration that Connecticut has improperly and impermissibly preempted the definition of hemp as set out in the 2018 Farm Bill, rendering the 2024 Public Acts unenforceable.

## COUNT TWO
## VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION

55.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

56.     The Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution prohibit enforcement of statutory and regulatory requirements that are unconstitutionally vague and do not give fair warning of their requirements.

57.     **Public Act 24-115** conflicts with **PA 24-76 .**

58.     **Public Act 24-95** repealed and replaced several sections of **PA 24-76.**

59.     **Public Act 24-115** conflicts with  Conn. Gen. Stat. § 22-61l.

60.     Conn. Gen. Stat. § 21a-277(b)(1) is internally inconsistent and is vague about the actual crimes (if any) it seeks to penalize.

61.     Plaintiffs have been directly harmed by the vagueness of PA 24-115, PA 24-76, PA 24-95 and Conn. Gen. Stat. § 21a-277(b)(1). As persons of ordinary intelligence, their due process rights have been violated since they have not been provided with a reasonable opportunity to know what is prohibited. Several have been subjected to criminal and civil penalties as a direct result of the violation of their due process rights.

62.    Plaintiffs are entitled to a declaration that **Public Act 24-115, PA 24-76, Public Act 24-95** and Conn. Gen. Stat. § 21a-277(b)(1) are unconstitutionally vague and therefore unenforceable.

**COUNT THREE**
**VIOLATION OF THE 2018 FARM BILL**
**<u>PREEMPTION CLAUSE</u>**

63.    Plaintiffs allege and incorporate by reference all allegations in the  paragraphs above.

64.    Section 10114(d) of the 2018 Farm Bill expressly forbids states from prohibiting the transportation or shipment of hemp or hemp products produced in accordance with subtitle G of the Agricultural Marketing Act of 1946 (as added by section 10113).

65.    PA 24-115 alters the definition of hemp by removing the Delta-9 THC criteria set out in the 2018 Farm Bill, which criminalizes hemp products legally protected by the 2018 Farm Bill. As a result, products classified as hemp under the 2018 Farm Bill can no longer be transported to the state of  Connecticut for sale.

66.    PA 24-115 violates the 2018 Farm Bill preemption clause as to the transportation and shipment of federally legal hemp products.

67.    Plaintiffs have been harmed by Connecticut's attempt to preempt the 2018 Farm Bill.

68.     Plaintiffs are entitled to a declaration that **Public Act 24-115** violates the 2018 Farm Bill preemption clause and is unenforceable.

## COUNT FOUR
## VIOLATION OF THE DORMANT COMMERCE CLAUSE

69.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

70.     The dormant Commerce Clause prohibits the states from imposing restrictions that benefit in-state economic interests.

71.     Any statute that discriminates against interstate commerce on its face or in effect is subject to heightened scrutiny by this Court.

72.     In redefining hemp and removing the Delta-9 hemp threshold, PA 24-155 has the practical effect of controlling interstate commerce extraterritorially. Federally legal hemp products can no longer be sold to consumers in the state of Connecticut.

73.     The restraints imposed by Connecticut upon out-of-state, federally legal hemp products violate the prohibitions of the dormant Commerce Clause.

74.     Plaintiffs have been harmed by the State of Connecticut's violation of the dormant Commerce Clause.

75.     Plaintiffs are entitled to a declaration that **Public Act 24-115** violates the dormant Commerce Clause and is unenforceable.

## COUNT V
## <u>INJUNCTIVE RELIEF</u>

76.    Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

77.    Plaintiffs are likely to succeed on the merits of this action.

78.    Plaintiffs have no adequate remedy at law and face irreparable harm unless this Court enjoins the enforcement of  Public Act 24-115, PA 24-76, Public Act 24-95 and Conn. Gen. Stat. § 21a-277(b)(1).

79.    The balance of harms weighs in favor of Plaintiffs, as the injunction will not harm Defendants; it will simply place Connecticut's laws back into compliance with federal law, as such laws were before the 2024 Public Acts.

80.    An injunction is in the best public interest.

81.    Plaintiffs are entitled to the issuance of relief in the form of an immediate temporary restraining order preventing the further enforcement of Public Act 24-115, PA 24-76, Public Act 24-95 and Conn. Gen. Stat. § 21a-277(b)(1), later to be made a permanent injunction.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request an order from this Court granting the following relief:

a)    declaring that Connecticut has improperly and impermissibly preempted

the definition of hemp as set out in the 2018 Farm Bill, rendering the 2024 Public Acts unenforceable;

b)  declaring that **Public Act 24-115, PA 24-76, Public Act 24-95** and Conn. Gen. Stat. § 21a-277(b)(1) are unconstitutionally vague and therefore unenforceable;

c)  declaring that **Public Act 24-115** violates the 2018 Farm Bill preemption clause and is unenforceable.

d)  enjoining Defendants from taking any enforcement action under Public Act 24-115, PA 24-76, Public Act 24-95 and/or Conn. Gen. Stat. § 21a-277(b)(1);

e)  awarding Plaintiffs the costs and reasonable attorney fees incurred in connection with this action;  and

f)  granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated November 23, 2024                     Respectfully submitted,

_____
GENEVIEVE PARK TAYLOR
SOUND LEGAL LLC
986 Essex Road Unit 3
Westbrook, CT 06498
860-245-1555
genevieve@soundlegalct.com
*Attorney for Plaintiffs*
CT20824